**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVORD ALLEN,<br><br>Defendant. | Criminal No. 15-140 (JRT/JJK)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION** |

Thomas Calhoun-Lopez, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Devord Allen, Reg. No. 18540-041, Federal Correctional Institution – Pekin, P.O. Box 5000, Pekin, IL 61555, *pro se*.

Petitioner Devord Allen pled guilty to one-count charging him with being a Felon in Possession of a Firearm and now moves under 28 U.S.C. § 2255 to vacate his sentence. Allen alleges ineffective assistance of counsel on two grounds: (1) counsel pressuring Allen to sign a plea agreement; and (2) counsel failing to object to and appeal certain sentencing enhancements. Specifically, Allen asserts the Court should not have imposed a 4-level enhancement pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(4) and the Court improperly calculated Allen's criminal history score pursuant to U.S.S.G. § 4A1.2(a)(2) because his two aggravated robbery convictions were "caught at the same time." For the reasons set forth below, the Court will deny Allen's motion.

# BACKGROUND

In May 2015, Allen was charged with three-counts of Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment, May, 4, 2015, Docket No. 1.) Allen pled guilty to Count III and the government dismissed the remaining charges. (Plea Agreement at 1-2, Aug. 23, 2015, Docket No. 54.) As part of the plea agreement, Allen admitted that he "knowingly possessed a . . . pistol with an obliterated serial number." (*Id*. at 1-2.) Allen further agreed that a 4-level enhancement pursuant to section 2K2.1(b)(4) for possessing a firearm with an obliterated serial number was appropriate. (*Id.* at 3.)

The Court held a change of plea hearing in September 2015. (Ct. Mins., Sept. 23, 2015, Docket No. 52.) At the plea hearing, Allen testified that he was "fully satisfied with the advice and assistance" he received from counsel, that he understood the plea agreement, and that no one had "made any other promise in an effort to get [Allen] to plead guilty." Allen testified no one "force[d] [him] to plead guilty" and that he was doing so "voluntarily."

Prior to sentencing, a probation officer prepared a Presentence Investigation Report ("PSR"). The PSR included the 4-level enhancement under section 2K2.1(b)(4), recommending a total offense level of 26. (PSR ¶¶ 18, 26, Jan. 11, 2016, Docket No. 68.) The PSR also calculated Allen's criminal history score at 11, establishing a criminal history category of V. (*Id.* ¶ 37.) To reach a criminal history score of 11, the PSR included 4 criminal history points for an aggravated robbery that occurred in June 2007

and 3 criminal history points for an aggravated robbery that occurred in October 2007. (*Id.* ¶¶ 32-33.) The PSR reflected that Allen was arrested on different dates for the two crimes, but the state court sentenced him on the same day. (*Id.*)

At sentencing, the Court adopted the PSR, including the 4-level enhancement pursuant to section 2K2.1(b)(4), without change. (Statement of Reasons at 1, Jan. 14, 2016, Docket No. 71.) Based on an offense level of 26 and a criminal history category of V, the Court determined Allen's advisory Guidelines range was 110-137 months imprisonment, with a statutory maximum of 120 months imprisonment. (*See id.*; PSR ¶¶ 69-70.) The Court varied below the advisory Guidelines range and sentenced Allen to 104 months' imprisonment. (Statement of Reasons at 3-4.)

Allen did not to appeal his sentence. On June 27, 2016, Allen filed the instant motion to vacate, set aside, or correct his sentence pursuant to section 2255. The government opposes the motion.

## ANALYSIS

### I.  LEGAL STANDARD

Section 2255 allows a federal prisoner a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under [section] 2255 is reserved for transgressions of constitutional rights and for a narrow

range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

One ground upon which a federal prisoner may seek post-conviction relief is for ineffective assistance of counsel. The Court evaluates claims of ineffective assistance of counsel brought under section 2255 using the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). To prevail, Allen must establish that counsel's performance "fell below an objective standard of reasonableness," and that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687-88.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Allen alleges ineffective assistance of counsel on two grounds: (1) counsel pressuring Allen to sign a plea agreement; and (2) counsel failing to object to and appeal certain sentencing enhancements. The Court will assess each ground in turn.

### A. Pressure to Sign Plea Agreement

Allen first argues he was provided ineffective assistance of counsel because counsel "sort of pressured" Allen to sign the plea agreement. (Mot. to Vacate, Set Aside or Correct Sentence ("Mot. to Vacate") at 7, June 27, 2016, Docket No. 76.)

"The Court finds that [Allen]'s allegations do not entitle him to any relief because they are not sufficiently specific or supported to overcome the fact that they directly contradict [his] own sworn statements during his plea hearing." *United States v.*

*Rodriguez*, No. 11-205, 2013 WL 6328853, at *2 (D. Minn. Dec. 5, 2013). The Supreme Court explained that "dispositions by guilty plea are accorded a great measure of finality" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Therefore, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

Here, at the plea hearing Allen testified that he was "fully satisfied with the advice and assistance" he received from his counsel. Allen testified the plea agreement was "clear" to him and that no one had "made any other promise in an effort to get [Allen] to plead guilty." Allen testified no one "force[d] [him] to plead guilty" and that he was doing so "voluntarily." In light of this record, the Court finds Allen's current allegation that he was pressured into pleading guilty by his attorney is conclusory and "wholly incredible." *See Rodriguez*, 2013 WL 6328853, at *2 (quoting *Blackledge*, 431 U.S. at 74).[1] Therefore, the Court will deny Allen's motion on this ground.

---

[1] Allen also argues that he "was under [duress]" when he signed the plea agreement. (Mot. to Vacate at 8.) As described above, Allen's testimony at the plea hearing belies this contention and the Court will deny Allen's motion on this ground. *See United States v. Abdullah*, 947 F.2d 306, 312 (8th Cir. 1991) (rejecting a claim that a plea was made under duress because of counsel's pressure on defendant to accept a plea deal when the defendant previously stated at a hearing that "he was completely satisfied with the performance of his counsel and never indicated in any manner that he was under pressure from counsel to plead guilty").

### B. Failure to Object or Appeal Alleged Sentencing Errors

Allen also argues that two errors occurred in the calculation of the advisory Guidelines range because Allen's counsel improperly determined the calculations were correct.[2] (Mot. to Vacate at 7.) The Eighth Circuit has held that both prongs of the *Strickland* analysis can be satisfied when counsel fails to object to an incorrect assessment of the advisory Guidelines range. *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990). But a defendant cannot satisfy the *Strickland* analysis if the Court properly calculated the advisory Guidelines range. *See, e.g.*, *Deltoro-Aguilera v. United States*, 625 F.3d 434, 438 (8th Cir. 2010). Because the Court finds the advisory Guidelines range was properly calculated, the Court will deny Allen's ineffective assistance of counsel claim.

#### 1. Obliterated Serial Number

Allen first argues the government failed to prove Allen had knowledge of the obliterated serial number on the firearm and, therefore, Allen should not have received

---

[2] "A document filed *pro se* is 'to be liberally construed.'" *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Allen alleges that he failed to appeal the sentencing calculation because "[his] lawyer had [him] under the impression that it was right." (Mot. to Vacate at 7.) The Court will construe Allen's argument as an argument for ineffective assistance of counsel for failing to object to or appeal the advisory Guidelines calculation.

Additionally, Allen argues that he improperly received six criminal history points, instead of three, for aggravated robberies that occurred in 2007. (*See* Mot. to Vacate at 5.) The Court notes that Allen received a total of seven, not six, criminal history points for the 2007 aggravated robberies. (*See* PSR ¶¶ 32-33.)

the 4-level enhancement. Under section 2K2.1(b)(4), a 4-level enhancement is appropriate if the firearm "had an altered or obliterated serial number."

Contrary to Allen's assertion, the government does not need to prove knowledge in order for the section 2K2.1(b)(4) enhancement to apply. The Eighth Circuit has held, and the comments to section 2K2.1 affirm, that a possessor's knowledge is irrelevant to the application of the enhancement. *United States v. Grimes*, 825 F.3d 899, 903 (8th Cir. 2016); *see also* U.S.S.G. § 2K2.1 cmt. n.8(B) (noting the section 2K2.1(b)(4) enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an obliterated serial number").

Here, Allen admitted to knowingly possessing a firearm with an obliterated serial number in the plea agreement. On that ground alone, the application of the section 2K2.1(b)(4) enhancement is appropriate. *See United States v. Parsons*, 408 F.3d 519, 521 (8th Cir. 2005) (affirming application of a sentencing enhancement where the defendant "admitted in his plea agreement" to the facts underlying the enhancement). Additionally, Allen agreed as part of the plea agreement that application of the enhancement was appropriate, providing further support that Allen knowingly possessed the firearm. *See United States v. Bridge*, 138 F. App'x 882, 883 (8th Cir. 2005) (affirming a defendant's sentence where defendant "agreed to the enhancement as a specific term of his plea agreement"). For these reasons, the Court will deny Allen's motion on this basis.

### 2. Aggravated Robberies

Allen next argues his criminal history score was improperly calculated pursuant to section 4A1.2(a)(2) because his two aggravated robbery convictions were "caught at the same time." (Mot. to Vacate at 5.) Under section 4A1.2(a)(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." While the advisory Guidelines indicate that sentences from the same charging instrument or sentences imposed on the same day are generally combined, *see id.*, when there is an "intervening arrest" the two offenses are calculated separately even if sentences for the two offenses were imposed on the same day. *United States v. Peltier*, 276 F.3d 1003, 1006-07 (8th Cir. 2002).

Here, Allen was arrested for his first aggravated robbery on June 13, 2007 and was subsequently found guilty at trial. (PSR ¶ 32.) Before sentencing, Allen committed the second offense and was arrested on October 22, 2007. (*Id.* ¶ 33.) On November 6, 2007, Allen pled guilty to the second aggravated robbery charge. (*Id.*) On the same date, the state court sentenced Allen for both convictions. (*Id.* ¶¶ 32-33.) Under these facts, even though the state court sentenced Allen for the two crimes on the same day, the fact that a second "intervening arrest" occurred on October 22, 2007 precludes Allen's argument that the two crimes should be treated as related offenses.

Therefore, the Court will deny Allen's motion on this ground.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court concludes that it is unlikely that reasonable jurists would find the issues raised in Allen's motion debatable or that some other court would decide the issues differently. The Court therefore declines to grant a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Devord Allen's Motion to Vacate, Set Aside, or Correct under 28 U.S.C. § 2255 [Docket No. 76] is **DENIED**.

2. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Allen's motions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 16, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                             Chief Judge
                                            United States District Court